**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LARRY J. SYLVESTER (#78014)**                           **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL.**                                     **NO. 09-0726-RET-CN**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, July 26, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**LARRY J. SYLVESTER (#78014)**                                              CIVIL ACTION

**VERSUS**

**BURL CAIN, ET AL.**                                                        NO. 09-0726-RET-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Secretary James LeBlanc, the Louisiana Department of Public Safety and Corrections, Jims Rentz, Chaplain Brad Delaughter, Ass't. Warden Kenvin Benjamin, Ass't. Warden Joseph Lamartiniere, Major Mike Mulkey, Administrative Complaints Director Carlos Messina, Warden's Designee Trish Foster, Legal Programs Manager Twillah James, Sally Port Officer Sgt. Commings, and Sally Port Officer Sgt. Smith.  The plaintiff complains that his constitutional rights have been violated by the defendants' failure to properly process or respond to his administrative grievances.

Pursuant to 28 U.S.C. § 1915(e), the Court is authorized to dismiss an action or claim brought in forma pauperis if the Court determines that the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.  Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).  An action or claim is properly dismissed as frivolous if it lacks an arguable basis either in fact or in law.  Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).  Further, a § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed.  Cf., Green v. McKaskle, supra.

Applying the above standard to the plaintiff's allegations, the

Court concludes that the plaintiff's claim fails to rise to the level of a constitutional violation.

Initially, it appears from the plaintiff's Complaint that he has sued the defendants in both their individual and their official capacities. Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. Neither a State, <u>nor its officials acting in their official capacities</u>, are "persons" under § 1983. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claim asserted against the defendants in their individual capacities, the plaintiff alleges that between April 24 and August 28, 2008, he filed no fewer than fifteen (15) administrative grievances against prison officials. He complains, however, that the defendants have failed to process these grievances, have failed to respond thereto, and have failed to acknowledge his subsequent letters of inquiry with respect thereto. Moreover, the plaintiff filed a "Sensitive Complaint" addressed to Secretary James LeBlanc in October, 2008, and likewise received no response to this grievance. In essence, the plaintiff complains that the defendants' failure to address his grievances is a violation of his First Amendment right to access to the courts and constitutes a pattern of retaliation and discrimination against him. He complains that this is a tactic utilized by the defendants to preclude him from pursuing civil rights lawsuits in federal court inasmuch as exhaustion of administrative remedies is a prerequisite for such lawsuits under 42 U.S.C. § 1997e. He further asserts that, as a result of the defendants' failure to address his grievances, he has suffered a deterioration of his medical condition and has lost profits which he otherwise would have obtained through hobby-craft sales.

The plaintiff's claim fails to rise to the level of a constitutional violation. Specifically, the plaintiff has no constitutional right to have his administrative grievances addressed, investigated, or favorably resolved. <u>Mahogany v. Miller</u>, 252 Fed.Appx. 593 (5th Cir. 2007). Moreover, there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeals for the Fifth Circuit in <u>Geiger v. Jowers</u>, 404 F.3d 371 (5th Cir. 2005):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous.... [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

Accordingly, the plaintiff's claim regarding the alleged failure of the defendants to properly address, investigate or respond to his administrative grievances is without legal foundation. Further, pursuant to the prison rulebook, the plaintiff has a recognized right to unilaterally proceed to the second step of an administrative grievance once the delays for responding to his initial grievance have elapsed. In this manner, the plaintiff is provided with an avenue to exhaust his administrative remedies notwithstanding the failure of prison officials to respond to his grievances. <u>See</u> <u>Underwood v. Wilson</u>, 151 F.3d 292 (5th Cir. 1998), <u>abrogated on other grounds</u>, <u>Jones v. Bock</u>, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Accordingly, the Court finds that the plaintiff's claim relative to the defendants' alleged failure to properly handle his administrative grievances is frivolous as a matter of law within the meaning of 28 U.S.C. § 1915(e).

Finally, the plaintiff also seeks to invoke the supplemental jurisdiction of this court. District courts, however, may decline to

exercise supplemental jurisdiction over a plaintiff's state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367.  In the instant case, inasmuch as the Court recommends that the plaintiff's federal claims be dismissed as frivolous, it is appropriate that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

<u>RECOMMENDATION</u>

It is recommended that the plaintiff's claims be dismissed as legally frivolous within the meaning of 28 U.S.C. § 1915(e), and that this action be dismissed, without prejudice to any state law claims which the plaintiff may have.[1]

Signed in chambers in Baton Rouge, Louisiana, July 26, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."